## NEWMAN v. CORBMAN et al.

### No. 2376.

District Court, E. D. Pennsylvania.

Oct. 28, 1942.

Freedman & Goldstein and Abraham E. Freedman, all of Philadelphia, Pa., for plaintiff.

John J. McDevitt, Jr., of Philadelphia, Pa., for defendants.

WELSH, District Judge.

This suit was brought by a seaman to recover damages for injuries which he sustained while employed on the vessel "Clarence A. Holland". The complaint alleges that the defendants owned, operated and controlled the vessel and were engaged in the business of transporting lumber in coastwise commerce. Defendants moved to dismiss the action for want of jurisdiction, to quash the return of service, and for summary judgment. The motions are based upon affidavits to the effect that the vessel is owned by the defendants, Alfred Corbman, Coulbourn Bros. and Coulbourn Lumber Company; it was managed and operated solely by the defendant Corbman; Corbman was not served, and Coulbourn Lumber Company and its owners have no domicile in this district.

From the affidavits and depositions taken, it appears that Coulbourn Lumber Company is a partnership consisting of five members, is engaged in the lumber business in North Carolina and has no member, agent or office in Philadelphia. Coulbourn Bros. is a partnership consisting of the defendants, Mollie Coulbourn Mason and William R. Ross, and is engaged in the lumber business in Philadelphia. Alfred Corbman is the master of the vessel which is owned, one-half by Corbman, one-quarter by Coulbourn Bros. and one-quarter by Coulbourn Lumber Company. The vessel is so owned and operated to assure the availability of transportation facilities between the lumber producers of North Carolina and the dealers in Philadelphia, and for their mutual benefit, although freight is also carried for others at the usual rates. Fifty-five per cent of the receipts from the transportation of freight is allotted to the payment of the master, the crew, and for their maintenance, which fund is retained and disbursed by the master. The balance of receipts is applied to the payment of insurance and repairs, and the net profits are distributed among the owners in proportion to their shares.

No written agreement or charter among the parties exists, and there is no interference or direct control by either the producers or the dealers with the operation of the vessel by the co-owner Corbman as master.

From these facts, plaintiff argues that such joint ownership, the sharing of the profits, and the maintenance of the freight service for their mutual benefit, as well as for other shippers, constitutes the owners partners; that service upon any of the partners in this jurisdiction constitutes service upon all; and that the Court has jurisdiction of the complaint and of the parties defendant. In spite of the defendants' denial of the existence of an actual partnership, it seems that the facts shown clearly establish a partnership relationship with sufficient certainty to hold them to such liability toward their persons. The mere fact of joint ownership does not establish a partnership, nor is the sharing of net profits conclusive of such relationship. Here, however, we have joint ownership in specific shares, the setting aside of a portion of the gross receipts for labor and maintenance and distributed under the direction of the master as manager, the sharing of net profits and losses, after operating, insurance and repair charges are deducted, and the operation of a transportation business for the mutual and especial benefit of the owners with the service held out incidentally as available to the public.

Without further discussion or unnecessary citation of the authorities establishing the principles of partnership liability, we find that the preliminary facts presented fully justify the conclusion that the complaint may not be summarily dismissed nor the service of summons quashed upon the present showing.

Motions to dismiss the action and quash the return of service and for summary judgment for the defendants are dismissed.